**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas David SANCHEZ, also known as Stimey, Defendant–Appellant.**

No. 93–7042.

United States Court of Appeals, Tenth Circuit.

Feb. 5, 1996.

Gerald R. Miller of Jones & Miller, Muskogee, Oklahoma, for Defendant–Appellant.

Robert J. Erickson, Attorney, Department of Justice, Washington, DC (John Raley, United States Attorney, Sheldon J. Sperling and Paul G. Hess, Assistant United States Attorneys, Muskogee, Oklahoma, with him on the brief), for Plaintiff–Appellee.

Before SEYMOUR, Chief Judge,
ANDERSON and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant Thomas David Sanchez challenges his convictions for drug conspiracy, 21 U.S.C. § 846; interstate travel to promote racketeering, 18 U.S.C. §§ 1952, 2; conspiracy, 18 U.S.C. § 371; interstate travel with intent to commit murder, 18 U.S.C. §§ 1958, 2; and killing an individual in furtherance of a continuing criminal enterprise, 21 U.S.C. §§ 848(a), (e)(1)(A), 18 U.S.C. § 2. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

### Background

The basic facts of this case are set out in *United States v. McCullah,* 76 F.3d 1087 (10th Cir.1996), and need not be restated here.

### Discussion

#### I. Severance and Voir Dire Issues

Mr. Sanchez was jointly tried with his codefendants, Mr. McCullah, Mr. Molina, and Mr. Hutching. The government sought the death penalty against Mr. Sanchez's codefendants but not against Mr. Sanchez. Mr. Sanchez contends that the trial court erred in not granting his motion either to sever the trial or to empanel a separate, non-death-qualified jury, and in refusing to allow him to question prospective jurors during the death-qualification portion of voir dire. The government and Mr. Sanchez's codefendants were allowed to question prospective jurors during that portion of voir dire.

■ The trial court's denial of a severance or the empanelment of a separate jury is reviewable for abuse of discretion. *United States v. Dirden,* 38 F.3d 1131, 1140 (10th Cir.1994). The trial court's conduct of voir dire is also reviewed under an abuse of discretion standard. *Mu'Min v. Virginia,* 500 U.S. 415, 427, 111 S.Ct. 1899, 1906, 114 L.Ed.2d 493 (1991).

■ . Mr. Sanchez argues that he was deprived of an "impartial jury" and effective assistance of counsel by the trial court's refusal to empanel a separate jury, sever the trial, or allow his counsel to participate in the death-qualification portion of voir dire. This argument is foreclosed by the Supreme Court's decision in *Buchanan v. Kentucky,* 483 U.S. 402, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987). In *Buchanan,* as here, a capital defendant and a noncapital defendant were jointly tried before a death-qualified jury. The Supreme Court held this constitutional, explaining:

> Where ... one of the joined defendants is a capital defendant and the capital-sentencing scheme requires the use of the same jury for the guilt and penalty phases of the capital defendant's trial, the interest in this scheme, which the Court recognized as significant ..., coupled with the [state's] interest in a joint trial, argues strongly in favor of permitting 'death qualification' of the jury....
>
> [T]he particular concern about the possible effect of an "'imbalanced' jury" in the "special context of capital sentencing," is not present with respect to the guilt and sentencing phases of a noncapital defendant in this case. For, at the guilt phase, the jury's discretion traditionally is more channeled than at a capital-sentencing proceeding, and, at the penalty phase, the jury's sentence is limited to specific statutory sentences and is subject to review by the judge.

*Id.* at 419–20, 107 S.Ct. at 2915–16 (citations omitted). As in *Buchanan,* the capital sentencing scheme applicable in this case provided that the sentencing hearing be held before the same jury which determined guilt, with certain exceptions not applicable here. *See* 21 U.S.C. § 848(i)(1)(A). Further, the *Buchanan* Court squarely rejected Mr. Sanchez's contention that a "death-qualified" jury lacks impartiality. *Buchanan,* 483 U.S.

at 420, 107 S.Ct. at 2916 (citing *Lockhart v. McCree*, 476 U.S. 162, 106 S.Ct. 1758,. 90 L.Ed.2d 137 (1986)).

The trial court did not abuse its discretion in prohibiting Mr. Sanchez's counsel from participating in the death-qualification portion of the voir dire. As Mr. Sanchez was not eligible for the death penalty, that portion of the trial simply did not apply to him or affect his trial, and thus the trial court was within its discretion in barring Mr. Sanchez's participation. *Cf. Buchanan,* 483 U.S. at 420, 107 S.Ct. at 2916; *McCree,* 476 U.S. at 183–84, 106 S.Ct. at 1770. Further, we note that Mr. Sanchez's counsel were given equal opportunity to participate in the general voir dire of the jury, and the trial judge expressly stated at the conclusion of the general voir dire that he "asked all of the same questions I have always asked" and that the general voir dire "would not have been any more in detail" had Mr. Sanchez been tried separately or before a non-death qualified jury. 32 R. 255.

## II. Issues Raised by Codefendants

Mr. Sanchez adopts all arguments advanced by his codefendants applicable to him. We have carefully considered these arguments and find them without merit. *See United States v. McCullah,* 76 F.3d 1087 (10th Cir.1996).

AFFIRMED.